892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Patrick GRIFFITH, Defendant-Appellant.
 No. 89-1680.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1990.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Steven Griffith, was convicted by a jury of being a felon in possession of firearms in violation of 18 U.S.C. 1 App. II § 1202(a)(1). The firearms on which the conviction was based were seized during the execution of a federal search warrant at defendant's residence.
 
 
 2
 Prior to trial, Griffith filed a motion to suppress which was denied. The motion was denied as untimely and also on the merits. On appeal, the only contention is that the search warrant was invalid and the evidence obtained in the search should have been suppressed. Our review of the record convinces us that the motion to suppress was properly denied on both grounds relied upon by the trial court, and we shall affirm the conviction.
 
 I.
 
 3
 The events leading to the issuance of the search warrant began on October 16, 1986, when Sergeant Mark Hetfield of the Corunna, Michigan, Police Department contacted Special Agent Valerie Goddard, Bureau of Alcohol, Tobacco and Firearms (ATF). Hetfield told Goddard that he had received information from a confidential informant that defendant, a convicted felon, was in possession of firearms. On October 20, Goddard met personally with the confidential informant. The informant said that he had known Griffith for about one year, during which time he had visited Griffith's home on several occasions. The informant said that on most visits he observed both handguns and long guns in the home, and that Griffith had shown him the guns and had discussed shooting them. The informant indicated specifically that during the preceding three weeks, he had observed a Ruger .22 caliber rifle; a small caliber target pistol; a Colt .380 caliber, semi-automatic pistol; a 12-guage shotgun; and a 30-06 caliber rifle.
 
 
 4
 Goddard independently verified that Griffith had a previous conviction for carrying a concealed weapon. Goddard also verified, through Sergeant Hetfield, that the confidential informant had provided information on numerous previous occasions which proved reliable.
 
 
 5
 On October 22, 1986, Agent Goddard again met with the informant. The informant told her he had observed firearms in the defendant's home within the past three days. Since almost no firearms are manufactured in the State of Michigan, Agent Goddard believed to a high degree of probability that the firearms possessed by defendant had travelled in interstate commerce.
 
 
 6
 On the strength of her own investigation, coupled with the information received from the informant, Agent Goddard secured the issuance of the search warrant in question. When the warrant was executed, a number of weapons were seized.
 
 II.
 
 7
 Griffith was indicted on April 21, 1987, and the trial judge set June 11, 1987, as the motion cut-off date. Defendant was initially represented by retained counsel, but on June 26, 1987, counsel was allowed to withdraw and defendant chose to represent himself. Advisory counsel was appointed, however. On July 7, 1987, 26 days after the motion deadline, a motion to suppress was filed. No explanation was offered with the motion or at the hearing as to why the motion had not been timely filed. Federal Rule of Criminal Procedure 12(c) provides that "the court may ... set a time for the making of pre-trial motions." Rule 12(f) provides that a failure to raise issues which must be raised before the motion deadline "shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver."
 
 
 8
 No good cause for the untimely filing was ever shown or even offered, so the motion was properly denied on this ground alone. However, since there was really little to the motion, the court went on to deny it on the merits. Since the district judge addressed the merits, we will discuss them briefly.
 
 III.
 
 9
 Defendant's sole claim relative to the merits is that Agent Goddard, who secured the issuance of the search warrant, had no personal knowledge of the informant's reliability. In support of this proposition, defendant cites to cases involving unidentified or anonymous informants. However, here the informant was neither unidentified nor anonymous. Agent Goddard had two face-to-face meetings with the informant. At the first meeting, Agent Goddard learned that the informant knew Griffith for one year and that he had seen firearms in Griffith's home on several occasions. At the second meeting with the informant, Agent Goddard was able to verify that the information as to the guns was not stale as the informant had been in the Griffith home within the previous three days. The fact that prior reliability of the informant was verified through Sergeant Hetfield rather than the personal knowledge of Agent Goddard is of no moment. See United States v. Jeffers, 621 F.2d 221, 226-27 (5th Cir.1980) (it is sufficient if affiant received his information regarding the informant's reliability from another police or enforcement agency).
 
 
 10
 If the rule were as advocated by defendant, it would have two very significant negative consequences. First, it would keep police agencies from ever being able to act on an informant's first tip since there would be no one to vouch for reliability.[1] Second, it would make inter-agency or inter-department cooperation by police agencies more difficult. In this era when the sophistication of criminals has resulted in ever-increasing use of a "task force" approach to crime problems, it would be extremely limiting to inhibit the sharing of information or informants. The exclusionary rule places no such unreasonable demands on police agencies.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 There is no doubt that since the Supreme Court adopted a "totality of the circumstances" test in Illinois v. Gates, 462 U.S. 213 (1983), informant reliability is now only one factor to be considered in the probable cause calculus and is not outcome determinative in and of itself